# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| SHAHID MAHROOF, | * | |
| | * | No. 16-521V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 16, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner;
Alexa Roggenkamp, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Shahid Mahroof's motion for final attorneys' fees and costs. He is awarded **$29,843.57**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On April 28, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus, diphtheria, and acellular pertussis vaccine he received on July 4, 2014, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. On May 4, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 2206519 (Fed. Cl. Spec. Mstr. May 4, 2021).

On December 1, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $28,189.50 and attorneys' costs of $3,296.22 for a total request of $31,485.72. Fees App. at 3. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of her case. Id. at 61. On December 15, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel: for Mr. Lawrence Cohan, $400.00 per hour for work performed in 2014-2016, $420.00 per hour for work performed in 2017, $440.00 per hour for work performed in 2018, $450.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $509.00 per hour for work performed in 2021; and for Mr. David Carney, $275.00 per hour for work performed in 2014-2016, $290.00 per hour for work performed in 2017, and $315.00 per hour for work performed in 2018. The undersigned has reviewed the requested rates and finds that Mr. Carney's requested rates and some of Mr. Cohan's rates are reasonable, but that Mr. Cohan's rate in several years must be reduced because it exceeds what he has previously been awarded for those years. Specifically, Mr. Cohan has consistently been awarded the following hourly rates by other special masters: $400.00 per hour for work performed in 2017, $470.00 per hour for work performed in 2020, and $484.00 per hour for work performed in 2021. See Jansen v. Sec'y of Health & Human Servs., No. 18-722V, 2022 WL 2270234, at *2 (Fed. Cl. Spec. Mstr. May 12, 2022); Gardner v. Sec'y of Health & Human Servs., No. 17-959V, 2022 WL 226800, at *2 (Fed. Cl. Spec. Mstr. Jan. 4, 2022); Lesher v. Sec'y of Health & Human Servs., No. 17-1076V, 2021 WL 1526198, at *2 (Fed. Cl. Spec. Mstr. Mar. 17, 2021). Application of these rates results in a reduction of $416.90.

### B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).

The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. However, a small reduction is necessary due to two paralegal issues. First, paralegals billed for administrative tasks such as filing documents. See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Second, the paralegals typically billed twelve minutes to review routine scheduling orders and calendar the deadlines when, in the undersigned's experience, such a task should take half that amount of time at most. The undersigned will reduce the final award of fees by $596.25 to account for these issues.

In addition, a separate reduction is made concerning counsel's work with Garretson Resolution Group.  Early in the case, even before the petition was filed, Mr. Cohan retained Garretson Resolution Group to assist in resolving a Medicaid lien.  See entries for Nov. 20, 2014 and June 16, 2015, and Fees App. at 35 (invoice for $250.00, dated July 29, 2015).  Paralegals periodically obtained updated lien information.  See, e.g., entry for Dec. 7, 2017.  In 2020, as settlement efforts became more focused, information from Garretson about the Medicaid lien became necessary.  Mr. Cohan spent more than an hour with Garretson on tasks including "explain[ing] in detail process re negotiating medical liens."  Entry for July 27, 2020.  The process took sufficiently long that the undersigned advised efforts would be considered in evaluating the attorneys' fees and costs.  Order, issued Nov. 16, 2020.

Whether retaining Garretson was reasonable is difficult to assess due to the lack of details in the attorney's and paralegal's timesheets and the lack of information about efforts by Garretson.  It appears that the retention of Garretson added another layer of processing and actually extended the amount of time spent on resolving the Medicaid lien.  Under these circumstances, one hour of Mr. Cohan's time (valued at $484.00) and one hour of the paralegal's time (valued at $145.00) are eliminated, causing a further reduction of $629.00.

Petitioner is therefore awarded final attorneys' fees of $26,547.35.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $3,296.22 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and travel expenses for counsel to meet with petitioner. Fees App. at 26. These costs have all been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs requested.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$29,843.57** (representing $26,547.35 in attorneys' fees and $3,296.22 in attorneys' costs) as a lump sum in the form of a check payable to petitioner's counsel, Mr. Lawrence Cohan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.